Citation Nr: 1339308 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 12-22 382 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for prostate cancer, claimed as a result of exposure to ionizing radiation.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

T. Y. Hawkins, Counsel
INTRODUCTION

The Veteran served on active duty from February 1951 to February 1954.

This matter comes before the Board of Veterans' Appeals ("Board") on appeal from a March 2012 rating decision issued by the Department of Veterans Affairs ("VA") Regional Office ("RO") in Houston, Texas.

In September 2013, the Veteran testified at a Board video conference hearing before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the Veteran's claims folder. The Veteran also submitted a waiver of initial review of the evidence by the Agency of Original Jurisdiction ("AOJ") in accord with 38 C.F.R. § 20.1304 (c) (2013). During the hearing, the Veteran requested that the Board hold the record open for an additional 30 days to allow him to submit additional evidence. See 38 C.F.R. § 20.709 (2013). While the Board observes that the specific evidence identified by the Veteran's representative during the hearing appears to have already been of record and was previously considered, to date, the Board has received no other additional evidence.

This appeal was processed using the Virtual VA paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2013). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The issue of entitlement to a disability rating in excess of 50 percent for service-connected posttraumatic stress disorder ("PTSD") has been raised by the record (see statement, May 2013), but has not been adjudicated by the AOJ. Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 



FINDINGS OF FACT

1. An unappealed November 2010 rating decision denied the Veteran's claim of entitlement to service connection for prostate cancer, claimed as a result of exposure to ionizing radiation, based on a finding that there was a lack of evidence linking this disease to ionizing radiation in service.

2. The evidence received since the November 2010 rating decision is either cumulative or redundant, and when considered with the previous evidence of record, does not relate to an unestablished fact necessary to substantiate the claim.


CONCLUSIONS OF LAW

1. The November 2010 rating decision that denied the Veteran's claim of entitlement to service connection for prostate cancer is final. 38 U.S.C.A. § 7104(b) (West 2002 & Supp. 2013); 38 C.F.R. § 20.1100 (2013).

2. New and material evidence sufficient to reopen the Veteran's claim of entitlement to service connection for prostate cancer, claimed as a result of exposure to ionizing radiation, has not been received; as such, the claim may not be reopened. 38 U.S.C.A. § 5108 (West 2002 & Supp. 2013); 38 C.F.R. § 3.156(a) (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Veterans Claims Assistance Act of 2000 ("VCAA")

With respect to the Veteran's claim decided herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2013).

 A.) Duty to Notify

Under the VCAA, when VA receives a complete or substantially complete application for benefits, it is required to notify the claimant and his or her representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a) (West 2002); 38 C.F.R. § 3.159(b) (2013); Quartuccio v. Principi, 16 Vet. App. 183 (2002). In Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) ("Pelegrini II"), the United States Court of Appeals for Veterans Claims ("Court") held that VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; (3) that the claimant is expected to provide; and (4) request that the claimant provide any evidence in his or her possession that pertains to the claim. Element (4), the requirement of requesting that the claimant provide any evidence in his or her possession that pertains to the claim, was eliminated by the Secretary of VA (the "Secretary") prior to this appeal. See 73 Fed. Reg. 23353 (final rule eliminating fourth element notice as required under Pelegrini, effective May 30, 2008).

The VCAA notice requirements apply to all five elements of a service connection claim. These are: (1) veteran status; (2) existence of a disability; (3) a connection between a veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006), aff'd, Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007). 

Additionally, in Kent v. Nicholson, 20 Vet. App. 1, 10 (2006), the Court held that VA must notify a claimant of the evidence and information that is necessary to reopen the claim as well as the evidence and information that is necessary to establish entitlement to the underlying claim for the benefit sought by the claimant. The duty to notify requires, in the context of a claim to reopen, that the Secretary look at the bases for the denial in the prior decision and respond with a notice letter that describes what evidence would be necessary to substantiate that element or elements required to establish service connection that were found insufficient in the previous denial. 

In this case, VA essentially satisfied the notification requirements of the VCAA by means of a letter dated February 2012, which provided the Veteran with the evidentiary requirements for reopening a claim of entitlement to service connection based on new and material evidence, as well as the reason(s) for the previous denial of his claim. While this letter informed the Veteran of the criteria pertaining to what constitutes new and material evidence, the division of responsibility between him and VA for obtaining the required evidence, and requested that he provide any evidence in his possession that pertained to such claim, the Board observes that the letter did not provide the Veteran with notice of the specific types of evidence needed in order to substantiate his underlying service connection claim based on exposure to ionizing radiation. This is of no consequence, however, as the claim is not being reopened. 

 B.) Duty to Assist

The Board concludes that VA's duty to assist has been satisfied. The claims file contains the Veteran's service treatment records and post-service VA and private treatment records. Additionally, the claims file contains the Veteran's statements and testimony in support of his claim. The Veteran has not referenced any outstanding, available records that he wanted VA to obtain or that he felt were relevant to the claim that have not already been obtained and associated with the record. VA's responsibility to assist extends to requesting evidence from any new source identified by the claimant, and if that evidence is not new and material, the claim is not reopened and VA has no further duties to the claimant with respect to that particular claim.

The Board recognizes that the duty to assist also includes the duty to provide a medical examination or obtain a medical opinion when such an examination or opinion is necessary to make a decision on the claim. 38 U.S.C.A. § 5103A(d) (West 2002); 38 C.F.R. § 3.159(c)(4) (2013). However, VA does not have a duty to provide a VA examination if the claim is not reopened. See Paralyzed Veterans of America v. Secretary of Veterans Affairs, 345 F.3d at 1355-57 (Fed. Cir. 2003). Moreover, the Board is not obligated to reopen a claim merely because the RO reopened the claim and undertook development, such as obtaining a new examination or opinion. See Woehlaert v. Nicholson, 21 Vet. App. 456 (2007).

Nonetheless, in conjunction with a prior claim, the claims folder contains an advisory medical opinion from the VA Compensation and Pension Service Director ("C&P Director"), in conjunction with a medical review by the VA Chief Public Health and Environmental Hazards Officer, in which, after taking several factors into consideration, he opined that it is unlikely that the Veteran's cancer of the prostate can be attributed to exposure to ionizing radiation in service. Review of the May 2006 advisory opinion reveals that the C&P Director noted that he had reviewed the letter from the Defense Threat Reduction Agency ("DTRA"), which confirmed the Veteran's participation in Operation UPSHOT-KNOTHOLE in 1953, as well as his private treatment records showing that he was first diagnosed with adenocarcinoma of the prostate in January 1997. He further noted that he had also reviewed additional medical records, which showed that the Veteran had been a one-pack-per-week smoker from 1947 to 1956, as well as additional information from DTRA, which discussed the Veteran's estimated radiation exposure during military service. 

Further, as noted above, in September 2013, the Veteran was afforded a hearing before the Board. In this regard, the Board observes that in Bryant v. Shinseki, 
23 Vet. App. 488 (2010), the Court held that 38 C.F.R. 3.103(c)(2) requires that the Veterans Law Judge ("VLJ") who chairs a hearing fulfill two duties to comply with the above the regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, the Board finds that the hearing generally was held in compliance with the provisions of Bryant. Additionally, a review of the record also reveals no assertion, by the Veteran or his service organization representative, that VA or the VLJ failed to comply with 38 C.F.R. § 3.103(c)(2) or identified any other prejudice in the conduct of the Board hearing. Moreover, the Veteran's statements and submissions during the course of the appeal, as well as those of his representative, demonstrate actual knowledge of the elements and evidence necessary to substantiate his claim because the submissions and statements focus on the evidence and elements necessary to substantiate such claim. As such, the Board finds that the VLJ complied with the duties set forth in Bryant and the claim may be adjudicated based on the current record. Cf. Procopio v. Shinseki, 26 Vet. App. 76 (2012).

In short, the Board has carefully considered the provisions of the VCAA in light of the record on appeal and, for the reasons expressed above, finds that the development of the claim decided herein has been consistent with the provisions of the VCAA. The appellant has been provided every opportunity to submit evidence and argument in support of his claim and to respond to the VCAA notice. The purpose behind the notice requirement has been satisfied because the appellant has been afforded a meaningful opportunity to participate effectively in the processing of his appealed claim. 

II. Facts and Analysis

In order to establish a right to compensation for a present disability, a veteran must show: "(1) the existence of a present disability; (2) the in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"- the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

The United States Court of Appeals for the Federal Circuit (Federal Circuit) has recently held that for purposes of 3.303(b), where the veteran asserts entitlement to a chronic condition, but there is insufficient evidence of a diagnosis in service, the veteran can establish service connection by demonstrating a continuity of symptomatology since service, but only if the chronic disease is listed under 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331, 1337-39 (Fed. Cir. 2013), aff'g Walker v. Shinseki, No. 10-2634, 2011 WL 2020827 (Vet. App. May 25, 2011). (emphasis added). For disabilities that are not listed as chronic under 38 C.F.R. § 3.303(b), the only avenue for service connection is by a showing of in-service incurrence or aggravation under 38 C.F.R. § 3.303(a), or by showing that a disease that was first diagnosed after service is related to service under 38 C.F.R. § 3.303(d). 

VA regulations provide that service connection may be established for diseases claimed to be attributable to radiation exposure in service under (1) the presumptive service connection provisions of 38 C.F.R. § 3.309 involving "radiation-exposed veterans," (2) the development procedures of 38 C.F.R. § 3.311 involving "radiogenic diseases," or (3) by establishing direct service connection. See 
38 U.S.C.A. § 1112(c) (West 2002); Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

Title 38 C.F.R. § 3.309(d) provides presumptive service connection for certain diseases that manifest in a "radiation-exposed veteran." For VA purposes, a veteran will be considered a "radiation-exposed veteran" if he or she participated in a "radiation-risk activity" during service. 38 C.F.R. § 3.309(d)(3)(i) (2013). A "radiation-risk activity" includes, among other things, onsite participation in a test involving the atmospheric detonation of a nuclear device. See 38 C.F.R. 
§ 3.309(d)(3)(ii)(A) (2013). For tests conducted by the United States, the term "operational period" includes, for Operation UPSHOT-KNOTHOLE, the period March 17, 1953 through June 20, 1953. 38 C.F.R. § 3.309(d)(3)(v)(I) (2013).

Diseases subject to presumptive service connection based on participation in a "radiation-risk activity" are as follows: (i) Leukemia (other than chronic lymphocytic leukemia); (ii) cancer of the thyroid; (iii) cancer of the breast; (iv) cancer of the pharynx; (v) cancer of the esophagus; (vi) cancer of the stomach; (vii) cancer of the small intestine; (viii) cancer of the pancreas; (ix) multiple myelomas; (x) lymphomas (Hodgkin's disease); (xi) cancer of the bile ducts; (xii) cancer of the gallbladder; (xiii) primary liver cancer (except if cirrhosis or hepatitis B is indicated); (xiv) cancer of the salivary glands; (xv) cancer of the urinary tract; (xvi) bronchial alveolar carcinoma; (xvii) cancer of the bone; (xviii) cancer of the brain; (xix) cancer of the colon; (xx) cancer of the lungs; and (xxi) cancer of the ovary. 
38 C.F.R. § 3.309(d)(2).

Chapter 38 C.F.R. § 3.311 provides instruction in the development of claims based on exposure to ionizing radiation. Pursuant to that provision, "radiogenic disease" is defined as a disease that may be induced by ionizing radiation, including those enumerated under the regulation. 38 C.F.R. § 3.311(b)(2).

There are three prescribed radiation-risk activities: (i) onsite participation in a test involving the atmospheric detonation of a nuclear device; (ii) the occupation of Hiroshima or Nagasaki, Japan, by United States Forces during the period beginning on August 6, 1945 and ending on July 1, 1946; and (iii) internment as a prisoner of war in Japan during World War II. Id.

When it has been determined that: (1) a veteran has been exposed to ionizing radiation; (2) the veteran subsequently develops a specified radiogenic disease; and (3) the disease first becomes manifest five years or more after exposure, the claim will be referred to the Under Secretary for Benefits for further consideration in accordance with 38 C.F.R. § 3.311(c).

When such a claim is forwarded for review, the Under Secretary for Benefits shall consider the claim with reference to 38 C.F.R. § 3.311(e) and may request an advisory medical opinion from the Under Secretary of Health. 38 C.F.R. §§ 3.311(b), (c)(1). The medical adviser must determine whether sound scientific and medical evidence supports a conclusion that it is "at least as likely as not" that the disease resulted from in-service radiation exposure or whether there is "no reasonable possibility" that the disease resulted from in-service radiation exposure. 38 C.F.R. § 3.311(c)(1).

The evidence clearly indicates that the Veteran has been exposed to ionizing radiation and, as a form of cancer, his prostate cancer is a radiogenic disease contemplated under 38 C.F.R. § 3.311 that was manifest more than five years after his exposure. Accordingly, in conjunction with a prior unappealed claim, in compliance with 38 C.F.R. § 3.311(c), his information was forwarded to the Under Secretary for Benefits for an opinion as to whether his prostate cancer was attributable to his radiation exposure.

The Veteran contends that his cancer of the prostate resulted from exposure to ionizing radiation from the atmospheric testing of nuclear weapons during his participation in Operation UPSHOT-KNOTHOLE in 1953, including exposure to SHOT SIMON in April 1953. Accordingly, the issue for resolution before the Board is whether new and material evidence has been submitted sufficient to reopen the Veteran's claim of entitlement to service connection for this disease. 

Service connection for cancer of the prostate was initially denied in an unappealed September 1998 rating decision. In a February 2000 rating decision, the RO found that there was no clear and unmistakable error in the 1998 rating decision. Subsequently, in a July 2006 rating decision, the RO reopened the Veteran's claim based on additional dose assessment requirements needed due to changes in development guidelines for radiation exposure cases; the claim, however, was denied on the merits based on the revised dose estimates. That decision was confirmed and continued in a May 2007 rating decision. Further, as noted above, by an unappealed rating decision, dated November 2010, the RO again denied the Veteran's claim of entitlement to service connection based on a finding that there was a lack of evidence linking his prostate cancer to ionizing radiation in service. Following the issuance of the November 2010 rating decision and accompanying notification letter, VA did not received a notice of disagreement within the one-year deadline for filing a notice of disagreement with the rating decision. See 38 C.F.R. § 20.302 (2013). Accordingly, that decision became final. See 38 U.S.C.A. § 7105(c); 38 C.F.R. § 20.1103. Despite the finality of a prior decision, a claim will be reopened and the former disposition reviewed if new and material evidence is presented or secured with respect to the claim that has been disallowed. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a).

"New" evidence means evidence not previously submitted to agency decisionmakers. "Material" evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a) (2013). The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." Shade v. Shinseki, 24 Vet. App. 110, 117 (2010).

According to the Court, the pertinent VA law requires that in order to reopen a previously and finally disallowed claim, there must be new and material evidence presented or secured since the time that the claim was finally disallowed on any basis. See Evans v. Browns, 9 Vet. App. 273 (1996). When determining whether the claim should be reopened, the credibility of the newly submitted evidence is presumed. See Justus v. Principi, 3 Vet. App. 510 (1992). 

The evidence of record at the time of the last prior denial included the Veteran's service treatment records, post-service treatment records showing that the Veteran was diagnosed with adenocarcinoma of the prostate in January 1997 and subsequently underwent radiation treatment, information from DTRA, which, as discussed above, confirmed the Veteran's participation in Operation UPSHOT-KNOTHOLE, the medical opinion from the VA Chief Public Health and Environmental Hazards Officer, and the Veteran's written statements in support of his claim. VA relies on radiation dose estimates from DTRA to determine the likelihood of a claimed condition being related to radiation exposure. DTRA recently revised its method of developing dose reconstructions, and, in March 2006, sent VA updated information concerning the maximum radiation doses the Veteran could have received during his participation in Operation UPSHOT-KNOTHOLE. 

The evidence received since the November 2010 rating decision consists solely of statements by the Veteran in the form of the testimony he provided during the September 2013 Board video conference hearing. At that time, he suggested that he had been exposed to more radiation than was reported in the DTRA report because he was separated from the rest of his troops during the atmospheric testing and was closer to the detonation point. 

In this regard, the Board notes that, while the Veteran's testimony is new, in that it was not of record at the time of the November 2010 rating decision, it is not material, as it is essentially a restatement of his written statement from May 1998, when he originally filed his claim. Moreover, as the Veteran, as a lay person, is not competent to offer an opinion on a matter clearly requiring medical expertise, such as linking prostate cancer diagnosed many decades later to exposure to ionizing radiation (see Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007) (explaining in footnote 4 that a veteran is competent to provide a diagnosis of a simple condition such as a broken leg, but not competent to provide evidence as to more complex medical questions)), the testimony neither raises a reasonable possibility of substantiating the claim, nor relates to an unestablished fact necessary to substantiate the claim. 

The Board thus concludes that although the evidence received since the November 2010 rating decision is new, because it does not raise a reasonably possibility of substantiating the Veteran's claim, it does not constitute new and material evidence sufficient to reopen his claim. 


ORDER

New and material evidence not having been received, the petition to reopen the claim of entitlement to service connection for prostate cancer, claimed as a result of exposure to ionizing radiation, is denied.



____________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs